# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETTA SCONIERS, | ) | 1:08-cv-1288-LJO-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S EX |
| | ) | PARTE APPLICATION REQUESTING |
| | ) | APPOINTMENT OF COUNSEL (DOC. 3) |
| v. | ) | |
| | ) | |
| CLARENCE WHITMORE, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's motion for the appointment of counsel, filed on September 2, 2008.

By separate order, the Court has filed findings and a recommendation that Plaintiff's complaint be dismissed in part without leave to amend, and dismissed in part with leave to amend.

In her forty-three page motion for appointment of counsel

1

filed on September 2, 2008, Plaintiff states that she has made a diligent effort to find counsel and has contacted seven different practitioners or firms without success; she cannot afford consultation fees and does not have the financial means to employ counsel. Because of asserted disabilities and the confusing side-effects of medications she takes, she asserts that she is unable to litigate this action on her own.

The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court in such circumstances is discretionary, not mandatory. <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, regardless of Plaintiff's asserted disabilities and the effects of her medications, this Court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In light of the early stage of the proceedings and Plaintiff's repeated failure to state a claim, the Court cannot

2

make a determination that Plaintiff is likely to succeed on the merits. <u>Terrell</u>, 935 F.2d at 1017. It is unclear what claims Plaintiff might state, but it does not appear that whatever claims Plaintiff might be able to state would be particularly complex. Further, despite Plaintiff's assertions to the contrary, Plaintiff was able to file an extremely lengthy complaint and motion for counsel without assistance, and her litigation history in this Court is extensive.[1] Plaintiff appears to be capable of articulating her claims pro se.

In the present case, the court does not find the required exceptional circumstances. Even if it were assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional.

Accordingly, Plaintiff's motion for the appointment of counsel IS DENIED.

IT IS SO ORDERED.

**Dated:    November 24, 2008**           /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's other actions include 1: 08cv1289-OWW-DLB, 1:06cv1260-AWI-LJO, 1:07cv972-AWI-DLB, and 1:08cv1290-LJO-GSA; see the Findings and Recommendation Regarding Dismissal of Action filed on October 6, 2008, in 1:08cv1289-OWW-DLB.

3