UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARENCE WHITMORE, SR., et al.,<br><br>　　　　Defendants. | 1:08-cv-1288-LJO-SMS<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO FOLLOW A COURT ORDER, FILE AN AMENDED COMPLAINT, AND PROSECUTE THE CASE (Doc. 13) |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Background

On December 1, 2008, the undersigned Magistrate Judge filed lengthy findings and recommendations concerning the screening of Plaintiff's voluminous, original complaint, in which it was recommended that some of Plaintiff's claims be dismissed without leave to amend, and others be dismissed with leave to amend.

1

After service of the order on Plaintiff and after Plaintiff was given an extension of time within which to file objections, the Court adopted the Magistrate Judge's findings and recommendations on February 10, 2009, and directed Plaintiff to file a first amended complaint in compliance with the Court's analysis within thirty days of service.

Meanwhile, on February 3, 2009, Plaintiff purported to file objections, in which she did not address the merits of the Court's detailed findings and recommendations and yet asked for leave to file an amended complaint, relief which was unnecessary and inapposite in view of the pending recommendations to permit leave to amend in conformity with the Court's screening analysis. Plaintiff also filed a first amended complaint before the Court had completed its consideration of the findings and recommendations concerning the original complaint. Plaintiff also filed motions for various forms of relief, some of which depended upon the pendency of a valid complaint. The Court adopted the findings and recommendations and ordered the other documents stricken. Plaintiff was given thirty days in which to file an amended complaint in conformity with the Court's adopted analysis of the sufficiency of the original pleading.

Instead of filing a complaint within thirty days in conformity with the Court's directions in the order of February 10, 2009, Plaintiff instead filed on March 5, 2009, a notice of appeal of the order adopting the findings and recommendations. Although thirty days have passed since the filing of the order requiring an amended complaint, Plaintiff has failed to file an amended complaint in conformity with the Court's order.

## II. Analysis

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

3

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, although the case has been pending for a relatively short period, the Court has expended significant resources on screening Plaintiff's voluminous complaint in an effort to place the case in a position to permit expeditious processing and resolution. Therefore, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has not presented any justification or reason for her failure to cooperate in the screening process in an orderly fashion; the Court granted Plaintiff extra time within which to comply with the Court's straightforward orders that provide for filing objections and awaiting the Court's consideration of the screening recommendations, but instead Plaintiff sought unnecessary relief, filed without leave an unresponsive pleading, and then filed an appeal instead of complying with the screening directions of this Court. The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party

4

that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's lengthy screening order expressly informed Plaintiff that a failure to cure the deficiencies of the original complaint by filing an amended complaint would result in dismissal of the action. (Order of December 1, 2008, p. 40 ll. 2-4.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action BE DISMISSED based on Plaintiff's failure to prosecute the action and to obey the Court's orders to file an amended complaint in conformity with the screening order, and that the Clerk of Court BE DIRECTED to close the action because the dismissal would terminate the action in its entirety.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

//
////
//////
////////

1 may waive the right to appeal the District Court's order.
2 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 19, 2009**                    /s/ **Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE