# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | CASE NO. CV F 08-1288 LJO SMS |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 16) |
| vs. | **ORDER DISMISSING ACTION** |
| CLARENCE WHITMORE, SR. et al. | |
| Defendants. / | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. On March 19, 2009, the Magistrate Judge issued Findings and Recommendations that this matter should be dismissed for Plaintiff's failure to prosecute the action and to obey the Court's orders to file an amended complaint in conformity with the screening order. (Doc. 16.) On April 14, 2009, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 14.)

**FACTUAL BACKGROUND**

On September 2, 2008, plaintiff filed a 142 page, type-written complaint alleging fifty-one (51) causes of action against twenty-three (23) individuals or entities. On September 19, 2008, the Court issued an informational order in which the Court informed plaintiff that due to her pro se status, the Court will screen the complaint and "shall dismiss the case at any time if the Court determines . . . the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." (Doc. 4.)

On December 1, 2009, the Magistrate Judge issued lengthy Findings and Recommendations

recommending that some of the federal causes of action be dismissed. In a forty-one page Findings and Recommendations, the Magistrate Judge analyzed each of the federal claims according to the appropriate federal law to determine whether plaintiff had, or could, state a claim for relief. The Magistrate Judge recommended certain of the federal causes of action be dismissed without leave to amend:

> "1) Plaintiff's second through eleventh claims BE DISMISSED WITHOUT LEAVE TO AMEND on the grounds of abstention from the exercise of jurisdiction, or lack of subject matter jurisdiction, . . . (Doc. 6 p. 40-41) (Emphasis in original)

The Magistrate Judge also recommended that other causes of action be dismissed, but that leave to amend should be granted:

> 2) Plaintiff's first and twelfth through thirty-second claims BE DISMISSED WITH LEAVE TO AMEND because they do not state a federal claim upon which relief may be granted . . . (Doc. 6 p. 40-41) (Emphasis in original)

The Magistrate Judge's Findings and Recommendations informed plaintiff that she may object to the Findings and Recommendations: "Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned 'Objections to Magistrate Judge's Findings and Recommendations.'"

Plaintiff then sought, and obtained, an extension of time to file objections to the Magistrate Judge's Findings and Recommendations. Later, in response to the Findings and Recommendations, plaintiff filed four documents on February 3, 2009: (1) Objections to the Findings and Recommendations, (2) Motion for Temporary Restraining Order, (3) Declaration, and (4) First Amended Complaint. (Doc. 9-12.)

On February 10, 2009, this Court considered the documents filed, but nonetheless adopted the Findings and Recommendations. (Doc. 13.) As noted in the Court's order adopting the Findings and Recommendations, the Court construed the plaintiff's Objections, not as objections, but as a request for leave to file an amended complaint. The Court specifically held that plaintiff was granted leave to amend her Complaint:

/////

/////

> The Court will deny Plaintiff's present motion for leave to file an amended complaint. This is because the Court herein adopts the Magistrate Judge's pending findings and recommendations and thus **permits Plaintiff to file an amended complaint, but only in compliance with the Court's findings and recommendations**. Therefore, another request for leave to file an amended complaint is unnecessary." (Doc. 13 p. 2-3) (Emphasis added.)

The Court admonished plaintiff that any future complaint must comply with the screening order and must address the defects in the original complaint as ruled by the Magistrate Judge:

> [T]he first amended complaint that Plaintiff will file in the future must comply with the Court's determinations in the adopted findings and recommendations. (Doc. 13.)

The Court then adopted the Magistrate Judge's Findings and Recommendations as follows:

> 2. With respect to claims two through seven of Plaintiff's complaint, Plaintiff's complaint IS DISMISSED WITHOUT LEAVE TO AMEND for failure to state a basis for subject matter jurisdiction in this Court and/or because this Court should abstain from exercising jurisdiction; and
>
> 3. With respect to claims eight through eleven, Plaintiff's complaint IS DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim upon which relief may be granted and/or failure to state a basis for subject matter jurisdiction in this Court; and
>
> 4. With respect to claims one, twelve through twenty-nine, and thirty, and related derivative claims seeking injunctive or declaratory relief (claims thirty-one and thirty-two), Plaintiff's complaint IS DISMISSED WITH LEAVE TO AMEND. (Doc. 13 p. 5) (Emphasis in original.)

Thus, the court adopted the Findings and Recommendations and specifically granted leave to amend some of the causes of action. The Court then struck plaintiff's Motion for Temporary Restraining Order, the Declaration, and the First Amended Complaint as prematurely filed. (Doc. 13 p. 4.)

A month later, rather than filing an amended complaint as directed, plaintiff filed an interlocutory appeal to the Ninth Circuit on March 11, 2009. (Doc. 14.) Plaintiff appealed the Court's adoption of the Magistrate Judge's Findings and Recommendations.

Since plaintiff did not follow the Court's order to file an amended complaint, the Magistrate Judge issued Findings and Recommendations To Dismiss Action For Plaintiff's Failure To Follow A Court Order, File An Amended Complaint, And Prosecute The Case on March 19, 2009. (Doc. 16.) The Magistrate Judge found that plaintiff failed to comply with Local Rule 11-110 for failure to obey a court order or failure to comply with local rules. Plaintiff filed objections on April 14, 2009. (Doc. 17.)

# PLAINTIFF'S OBJECTIONS

In her objections to the Findings and Recommendations To Dismiss, plaintiff argues that she was not given the opportunity to re-file the amended complaint after it was stricken.

To the contrary, the amended complaint was stricken in the Court's February 10, 2009 order. In that same order, the Court explicitly directed plaintiff to file an amended complaint thereafter. The Title of the Order directed plaintiff to file the complaint:

> ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (Doc. 13 p.1) (Emphasis in original.)

In addition, as noted above, the body of the order also directed plaintiff to file an amended complaint. (Doc. 13 p. 2-3) ("[T]he Court herein adopts the Magistrate Judge's pending findings and recommendations and thus permits Plaintiff to file an amended complaint, but only in compliance with the Court's findings and recommendations.") The Order specifically informed plaintiff of the time frame for filing the complaint:

> Plaintiff IS GRANTED thirty days from the date of service of this order to file a first amended complaint that complies with this order, . . . and must be labeled "First Amended Complaint." (Doc. 13 p. 5-6.)

The Order also cautioned plaintiff as to the consequences for failure to file an amended complaint:

> "[F]ailure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action."

Thus, plaintiff was fully informed that she had the opportunity, and the obligation, to file an amended complaint and to file one that conformed with the Court's order.

In recommending dismissal of the action, the Magistrate Judge thoroughly analyzed that plaintiff's failure to file an amended complaint violated Local Rule 11-110. The Magistrate Judge analyzed whether dismissal was in (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. (Doc. 16 p. 304.)

Rather than file an amended complaint, plaintiff filed a "Notice of Appeal," nearly a month after the Court's order and after sufficient time to digest the Court's order. The Notice of Appeal appealed

the Court's order adopting the Findings and Recommendations. Thus, plaintiff failed to comply with the Court's order to file an amended complaint within the specific time. Instead, she chose to appeal the order.

Plaintiff argues that by filing an appeal, she thought the action would be stayed. The filing of a notice of interlocutory appeal does not divest the district court of jurisdiction over the particular issues involved in the appeal. A notice of appeal from an interlocutory order appealable by permission under 28 U.S.C. § 1292(b) is "filed" when the appellate court issues an order permitting the appeal. Until then, the district court retains jurisdiction and may reconsider, rescind or modify its previously-issued orders. *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). Thus, this Court is not divested of jurisdiction because the Ninth Circuit has not permitted the appeal. As shown above, plaintiff chose to file an appeal to challenge the dismissal of the causes of action rather than comply with the Court's order.[1]

In her objections to the Magistrate Judge's Findings and Recommendations To Dismiss, plaintiff argues that she was not provided guidance as to what would be required to state a claim. (Doc. 17, p.2.) To the contrary, the Magistrate Judges 41-page Findings and Recommendations itemized each cause of action. For the causes of action which were legally deficient, the Magistrate Judge recommended the causes of action be dismissed without leave to amend. For the Causes of action which were factually deficient, the Magistrate Judge recommended that the causes of action be dismissed with leave to amend. The Magistrate Judge detailed the deficiencies of each cause of action. For instance, the Magistrate Judge noted where the allegations were conclusory or ambiguous or where the allegations were speculative. Thus, the Magistrate Judge provided sufficient guidance as to the deficiencies contained in the complaint.

/////

/////

---

[1] Plaintiff argues that she is not an attorney and is unfamiliar with the legal proceedings. While plaintiff appears pro se in this case, the Court notes the extraordinarily complex complaint and thorough responses which to date plaintiff has filed. Her filings are complete with numerous relevant case citations, analysis and argument. Thus, the Court finds that plaintiff is being helped by behind-the-scenes counsel or other form of legal assistance. Therefore, her argument carries little weight.

**RULING**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)©, this Court therefore has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued March 19, 2009 are ADOPTED IN FULL; and
2. The complaint is DISMISSED WITHOUT LEAVE TO AMEND.

This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:    April 16, 2009**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE